# SUPREME COURT OF ARKANSAS

IN RE ARKANSAS SUPREME COURT
COMMITTEE ON CRIMINAL
PRACTICE—ARKANSAS RULES OF
CRIMINAL PROCEDURE 7.3 & 13.4,
AND ADMINISTRATIVE ORDERS
NUMBERS 2 AND 18

**Opinion Delivered** July 2, 2015

**PER CURIAM**

The Arkansas Supreme Court Committee on Criminal Practice proposed revisions to the rules governing arrest warrants and search warrants to provide for their filing in a new warrant docket. To implement this proposal, amendments were recommended to Ark. R. Crim. P. 7.3 and 13.4 and Administrative Orders Numbers 2 and 18. The proposal was published for comment. *See In re Committee on Criminal Practice–Arkansas Rules of Criminal Procedure 7.3, 13.4, and Administrative Orders No. 2 and 18*, 2014 Ark. 275 (per curiam).

On the advice of the committee, we added a sentence to Rules 7.3 and 13.4 from the version published for comment.[1] Today, we adopt the amendments to Rules 7.3 and 13.4 and Administrative Orders Number 2 and 18(1), as set out below, and republish the rules. The amendments are effective September 1, 2015.

---

[1]This sentence is added to Rule 7.3(e) and 13.4(f): "Remote electronic access to the warrant docket by the general public, however, shall be governed by and subject to the policies or requirement of the court."

We thank the members of the Criminal Practice Committee for their work on this project.

## Arkansas Rules of Criminal Procedure

**Rule 7.3. Return of warrant and summons; execution after return.**

(a) The law enforcement officer executing a warrant shall make return thereof to the court before which the accused is brought, and notice thereof shall be given to the prosecuting attorney.

(b) On or before the date for appearance the officer to whom a summons was delivered for service shall make return thereof to the judicial officer before whom the summons is returnable.

(c) At any time while a complaint, information or indictment is pending, the issuing official may deliver a warrant returned unexecuted and not cancelled, or a summons returned unserved, or a duplicate of either to a law enforcement officer or other authorized person for execution or service.

(d) Upon return of a warrant, whether executed or unexecuted, the warrant along with the affidavit or sworn testimony on application shall be filed with the clerk of the issuing judicial officer, and they shall be publically accessible unless the court for good cause based upon reasonably specific facts orders that any of them should be closed or sealed.

(e) Arrest warrants, affidavits, or sworn testimony on application are filed in the warrant docket as described in Administrative Order Number 2 or 18. Administrative Order Number 19 governs public access to documents in the warrant docket subject to the provisions of this

rule (*see* section (VII)(A) (3); *see* section (VIII) for obtaining access to documents excluded from public access). Remote electronic access to the warrant docket by the general public, however, shall be governed by and subject to the policies or requirement of the court.

**Reporter's Note, 2015 Amendment.**

This rule was amended by adding subsections (d) and (e) to provide for the filing of arrest warrants upon their return, whether executed or unexecuted, in a warrant docket.

**Rule 13.4. Return of A Search Warrant.**

(a) If a search warrant is not executed, the officer shall return the warrant to the issuing judicial officer within a reasonable time, not to exceed 60 days from the date of issuance, together with a report of the reasons why it was not executed. If the issuing judicial officer is unavailable, the warrant may be returned to any judicial officer of a circuit or district court within the county in which the warrant was issued. Upon its return, an unexecuted warrant and report shall be filed with the clerk and be publically accessible unless the court for good cause based upon reasonably specific facts orders them to be closed or sealed. The affidavit or sworn testimony on application shall not be publically accessible.

(b) An officer who has executed a search warrant or, if such officer is unavailable, another officer acting in his behalf, shall, as soon as possible and not later than the date specified in the warrant, return the warrant to the issuing judicial officer together with a verified report of the facts and circumstances of execution, including an inventory of things seized. If the issuing judicial officer is unavailable, the warrant may be returned to any judicial officer of a circuit

or district court within the county in which the warrant was issued.

(c) The judicial officer to whom an executed warrant is returned shall cause the warrant, report, inventory of things seized, and affidavit or sworn testimony on application to be filed with the clerk, and they shall be publically accessible unless the court for good cause based upon reasonably specific facts orders that any of them should be closed or sealed.

(d) If the judicial officer to whom an executed warrant is returned does not have jurisdiction to try the offense in respect to which the warrant was issued or the offense apparently disclosed by the things seized, he or she may transmit copies of the affidavit or sworn testimony on application, warrant, inventory, return, report, and related papers to an appropriate court having jurisdiction to try the offense disclosed, but the issuing judicial officer's clerk shall keep a copy in the clerk's file.

(e) Affidavits or sworn testimony on application, warrants, inventories, returns, reports, and related papers shall be filed with the clerk of the issuing judicial officer in the warrant docket as described in Administrative Order Number 2 or 18.

(f) Administrative Order Number 19 governs public access to affidavits or sworn testimony on application, warrants, inventories, returns, reports, and related papers subject to the provisions of this rule (*see* section (VII)(A)(3); *see* section (VIII) for obtaining access to documents excluded from public access). Remote electronic access to the warrant docket by the general public, however, shall be governed by and subject to the policies or requirement of the court.

**Reporter's Note, 2015 Amendment.**

This rule was amended to provide for the filing of search warrants upon their return, whether executed or unexecuted, in a warrant docket.

## Administrative Orders

## Administrative Order Number 2 – Dockets and Other Records

(a) *Docket*. The clerk shall keep a book known as a "civil docket," designated by the prefix "CV"; a book known as a "probate docket," designated by the prefix "PR"; a book known as a "domestic relations docket," designated by the prefix "DR"; a book known as a "criminal docket," designated by the prefix "CR"; a book known as a "juvenile docket," designated by the prefix "JV"; and a book known as a "warrant docket." The warrant docket shall be divided into a "search warrant docket," designated by the prefix "SW" and an "arrest warrant docket," designated by the prefix "AW." Each action shall be entered in the appropriate docket book. Cases shall be assigned the letter prefix corresponding to that docket and a number in the order of filing. Beginning with the first case filed each year, cases shall be numbered consecutively in each docket category with the four digits of the current year, followed by a hyphen and the number assigned to the case, beginning with the number "1." For example:

| | |
|---|---|
| criminal | CR2002–1 |
| civil | CV2002–1 |
| probate | PR2002–1 |

| domestic relations | DR2002-1 |
|---|---|
| juvenile | JV2002-1 |
| warrant | SW2002-1 |
| | AW2002-1 |

All papers filed with the clerk, all process issued and returns thereon, all appearances, orders, verdicts and judgments shall be noted chronologically in the dockets and filed in the folio assigned to the action and shall be marked with its file number. These entries shall be brief, but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made. Where there has been a demand for trial by jury it shall be shown on the docket along with the date upon which demand was made. In counties where the county clerk serves as the ex officio clerk of any division of the circuit court, the filing requirement for any pleading, paper, order, judgment, decree, or notice of appeal shall be satisfied when the document is filed with either the circuit clerk or the county clerk.

The warrant docket is used for warrants that have been returned either executed or unexecuted when a case file has not yet been opened. If a criminal case is subsequently opened, the information in the warrant docket related to the criminal case is transferred to it. Access to the contents of the warrant docket shall be governed by the applicable rule of criminal procedure and Administrative Order Number 19.

(b) *Judgments and Orders.*

(1) The clerk shall keep a judgment record book in which shall be kept a correct copy of every final judgment or appealable order, or order affecting title to or lien upon real or personal property, and any other order which the court may direct to be kept.

(2) The clerk shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word "filed." A judgment, decree or order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book.

(3) If the clerk's office has a facsimile machine, the clerk shall accept facsimile transmission of a judgment, decree or order filed in such manner at the direction of the court. The clerk shall stamp or otherwise mark a facsimile copy as filed on the date and time that it is received on the clerk's facsimile machine during the regular hours of the clerk's office or, if received outside those hours, at the time the office opens on the next business day. The date stamped on the facsimile copy shall control all appeal-related deadlines pursuant to Rule 4 of the Arkansas Rules of Appellate Procedure–Civil. The original judgment, decree or order shall be substituted for the facsimile copy within fourteen days of transmission.

(4) At any time that the clerk's office is not open for business, and upon an express finding of extraordinary circumstances set forth in an order, any judge may make any order effective immediately by signing it, noting the time and date thereon, and marking or stamping it "filed in open court." Any such order shall be filed with the clerk on the next day

on which the clerk's office is open, and this filing date shall control all appeal–related deadlines pursuant to Rule 4 of the Arkansas Rules of Appellate Procedure–Civil.

(c) *Indices*. Suitable indices of the civil, probate, domestic relations, criminal, juvenile and warrant dockets and of every judgment or order referred to in Section (b) of this rule shall be kept by the clerk under the direction of the court.

(d) *Other Books and Records*. The clerk shall also keep such other books and records as may be required by law and as directed by the Supreme Court.

(e) *Uniform Paper Size*. All records prepared by the clerk shall be on 8 ½″ x 11″ paper.

(f) *Clerk Defined*. When used herein, the term clerk refers to the clerks of the various circuit courts of the state; provided, that in the event probate matters are required by law to be filed in the office of county clerk, then the term clerk shall also include the county clerk for this limited purpose.

**Reporter's Note, 2015 Amendment.**

This order was amended to create a warrant docket for the filing of arrest warrants (*see* Ark. R. Crim. P. 7.3) and search warrants (*see* Ark. R. Crim. P. 13.4) upon their return, whether executed or unexecuted.

## ADMINISTRATIVE ORDER NUMBER 18 – ADMINISTRATION OF DISTRICT COURTS

This administrative order is promulgated pursuant to Ark. Const. Amend. 80, § 7; Ark. Code Ann. § 16-17-704; and the Supreme Court's inherent rule-making authority. Procedural rules applicable to district courts are set out in the District Court Rules.

1. *Divisions*.

(a) The district court judges shall establish the following subject–matter divisions in each district court: criminal, civil, traffic, and small claims. For purposes of this administrative order, the term "traffic division" means cases relating to a violation of a law regulating the operation of a vehicle upon a roadway.

(b) The designation of divisions is for the purpose of judicial administration and caseload management and is not for the purpose of subject–matter jurisdiction. The creation of divisions shall in no way limit the powers and duties of the judges to hear all matters within the jurisdiction of the district court.

(c) *Warrant Docket*. Within the criminal division, a warrant docket shall be established, which shall be divided into a "search warrant docket," designated by the prefix "SW" and an "arrest warrant docket," designated by the prefix "AW." The warrant docket is used for warrants that have been returned either executed or unexecuted when a case file has not yet been opened. If a criminal case is subsequently opened, the information in the warrant docket related to the criminal case is transferred to it. Access to the contents of the warrant docket shall be governed by the applicable rule of criminal procedure and Administrative Order Number 19.

. . . .

**Reporter's Note, 2015 Amendment.**

This order was amended by adding subsection (1)(c) to create a warrant docket for the filing of arrest warrants (*see* Ark. R. Crim. P. 7.3) and search warrants (*see* Ark. R. Crim. P. 13.4) upon their return, whether executed or unexecuted.